IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ISAAC ALVAREZ,
on behalf of himself and others
similarly situated,

    Plaintiff,

vs.                                                                                  **COLLECTIVE ACTION**

AMHERST MAINTENANCE, INC.,
a Foreign Corporation,

    Defendant.
_____/

## COMPLAINT

### INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "FLSA"), to recover unpaid overtime compensation owed to Plaintiff, ISAAC ALVAREZ, and all others similarly situated to him who were formerly or are currently employed as industrial painters by Defendant, AMHERST MAINTENANCE, INC., (hereinafter, "AMHERST MAINTENANCE") in Miami-Dade County, Florida. Plaintiff also seeks to recover the requisite combined dollar value rate pursuant to §2-11.16 Code of Miami-Dade County.

2. Pursuant to the FLSA, Plaintiff, on behalf of himself and all others similarly situated to him, seeks unpaid overtime compensation, liquidated damages or pre-judgment interest, post-judgment interest, attorneys' fees and costs from Defendant AMHERST MAINTENANCE.

3. Plaintiff requests the Court to authorize concurrent notice to all persons who were formerly or are currently employed by Defendant AMHERST MAINTENANCE, and who

were paid in a similar manner as Plaintiff, or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. §216(b).

4. Pursuant to §2-11.16 Code of Miami-Dade County, Plaintiff, on behalf of himself and all others similarly situated to him, seeks the requisite combined dollar value rate for all hours worked, $500.00 sanctions per person for each workweek in which Defendant AMHERST MAINTENACE failed to pay the requisite combined dollar value rate to industrial painters, pre-judgment interest, post-judgment interest, attorneys' fees and costs from Defendant AMHERST MAINTENANCE.

5. Plaintiff also seeks class certification under Rule 23 of the Federal Rules of Civil Procedure to bring a class action for violations of §2-11.16 Code of Miami-Dade County.

## JURISDICTION

6. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court has supplemental jurisdiction over the claims arising under §2-11.16 Code of Miami-Dade County, by virtue of 28 U.S.C. § 1367(a) because the state claim is so related to the federal claim that they form part of the same case or controversy. The state law claim shares nearly all operative facts with the federal law claim and the parties are identical. Resolving both state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

## VENUE

7. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Miami-Dade County, Florida and within the Southern District of Florida.

## PARTIES

8. Plaintiff ISAAC ALVAREZ (hereinafter "Plaintiff" or "ALVAREZ") was, at all material times, a resident of Broward County, Florida and was employed as an industrial painter by Defendant AMHERST MAINTENANCE and performed his job in various locations in Miami-Dade County, Florida, until his separation from employment sometime in June 2021.

9. At all times material, Plaintiff was an employee of Defendant AMHERST MAINTENANCE within the meaning of the FLSA.

10. At all times material, during Plaintiff's employment with Defendant AMHERST MAINTENANCE, Plaintiff was engaged in commerce or in the production of goods for commerce as he handled and sold goods, services and materials that have been moved in or produced for commerce.

11. At all times material, Defendant AMHERST MAINTENANCE is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

## FACTUAL ALLEGATIONS

12. The allegations in Paragraphs 1 through 11 are incorporated as if fully stated herein.

13. Plaintiff is a non-exempt former employee of Defendant AMHERST MAINTENANCE who worked as an hourly waged industrial painter.

14. From on or about January 21, 2019 until June 2021, Plaintiff, and many similarly situated co-workers, worked more than 40 hours per week during nearly every week of their employment, without being paid the federally mandated wage for overtime. Specifically, Plaintiff, and many similarly situated co-workers, were paid straight time for all hours worked, even overtime hours.

15. Defendant violated the FLSA by failing to pay Plaintiff, and many similarly situated co-workers, for overtime hours worked in excess of forty per week at the applicable time and one-half rate.

16. Defendant has a policy of not paying any overtime compensation to its non-exempt employees.

17. Defendant is a contractor who performs work for Miami-Dade County subject to the wage provisions of §2-11.16 Code of Miami-Dade County Responsible Wages and Benefits Schedule.

18. §2-11.16 Code of Miami-Dade County requires contractors to pay their employees a combined dollar value rate of $31.79 per hour for industrial painters working on Miami-Dade County construction projects in 2021. In 2020, the combined dollar value rate was $30.79 per hour and in 2019 the combined dollar value rate was $29.94 per hour.

19. Despite being subject to §2-11.16 Code of Miami-Dade County, AMHERST MAINTENANCE failed to adhere to the Responsible Wages and Benefit Schedule by not paying Plaintiff, and several other similarly situated co-workers the requisite combined dollar value rate.

## Basis for Class and Collection Action Relief

20. Since January 2019, Defendant subjected all industrial painters described in this Complaint to the same illegal practice of failing to pay both overtime and the requisite combined

dollar value rate, as required by the FLSA and §2-11.16 Code of Miami-Dade County.

21. The members of the FLSA collective were all subjected to a common policy and practice in violation of the FLSA, 29 U.S.C. § 207, because all proposed FLSA class members were subjected to an identical compensation scheme in that they received no overtime compensation despite working more than 40 hours most workweeks.

22. The claims under the FLSA may be pursued by similarly situated persons who opt-in to this case pursuant to 29 U.S.C. § 216(b).

23. The named Plaintiff and all members of the proposed FLSA class worked overtime, but was not paid overtime compensation as required by the FLSA, 29 U.S.C. § 207.

24. The named Plaintiff and all FLSA class members worked for Defendant during or after January 2019.

25. The members of the §2-11.16 Code of Miami-Dade County class (§2-11.16 Code Class) were all subjected to a common policy and practice in violation of the Code because all proposed §2-11.16 Code Class members were subjected to an identical compensation scheme that resulted in an underpayment of wages.

26. The claims under the §2-11.16 Code of Miami-Dade County may be pursued by all similarly situated persons who choose not to opt-out of the class pursuant to Fed. R. Civ. P. 23.

27. The named Plaintiff and all §2-11.16 Code Class members worked for Defendant during or after January 2019.

## Class Action Allegations

28. The named Plaintiff and all §2-11.16 Code Rule 23 Class members performed work for Defendant and were not paid the requisite combined dollar value rate for all hours worked as required by Miami-Dade County Code.

29. A class action to vindicate the rights of proposed class members is maintainable pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

30. As all proposed class members were employed in Miami-Dade County, concentrating all claims in this forum will resolve those claims efficiently.

31. The named Plaintiff is unaware of any other litigation concerning the controversy already commenced by proposed class members.

32. Potential members of the §2-11.16 Code Rule 23 Class are so numerous that joinder of all members is impracticable. The exact number of members of the class can be determined by reviewing Defendant's records. However, the named Plaintiff reasonably believes that there are over fifty (50) eligible individuals in the Rule 23 class.

33. The named Plaintiff will fairly and adequately protect the interests of the class and has retained counsel who is experienced and competent in class action and employment litigation.

34. The named Plaintiff has no interests that are contrary to, or in conflict with, the members of the class.

35. A class/collective action suit is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it burdensome for members of the class to individually seek redress for the wrongs done to them. Absent these actions, many members of the class likely will not obtain redress of their injuries and Defendant will retain the proceeds of their violations of the FLSA and §2-11.16 Code of Miami-Dade County.

36. Furthermore, even if every member of the class could afford individual litigation against Defendant, multiple lawsuits would be unduly burdensome to the judicial system.

Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

37. There is a well-defined community of interest in the questions of law and fact affecting the class as a whole. The questions of law and fact common to the class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    A. Whether Defendant employed collective and class members within the meaning of the applicable statutes, including the FLSA and §2-11.16 Miami-Dade County Code;

    B. Whether Defendant failed to pay the named Plaintiff and members of the collective and class all overtime and other wages owed to them;

    C. What remedies are appropriate compensation for the damages caused to the named Plaintiff and each member of the collective and class;

    D. Whether Defendant's failure to compensate the named Plaintiff and the class members overtime compensation and the requisite combined dollar value rates was willful, intentional, or done with reckless disregard of the rights of collective and class members.

38. The relief sought is common to the entire class including, inter alia:

    A. payment by the Defendant of actual damages caused by its failure to pay overtime wages pursuant to the FLSA;

    B. payment by the Defendant of actual damages caused by its failure to pay the requisite combined dollar value rate pursuant to §2-11.16 Miami-Dade County Code;

    C. payment by the Defendant of liquidated damages caused by their

failure to pay overtime wages pursuant to the FLSA;

   D. payment by the Defendant of sanctions available under §2-11.16 Miami-Dade County Code caused by its failure to pay the requisite combined dollar value rate;

   E. payment by the Defendant of the costs and expenses of this action, including attorneys' fees for Plaintiffs' Counsel; and

   F. equitable relief ordering Defendant to cease and desist from its illegal practice of failing to pay all overtime and combined dollar value rate wages required by law.

39. The named Plaintiff's claims are typical of the claims of members of the class. The named Plaintiff and members of the class have sustained damages arising out of the same wrongful and uniform employment policy of Defendants by failing to pay overtime and the requisite combined dollar value wages required by law, in violation of the FLSA and §2-11.16 Miami-Dade County Code.

40. The Named Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## LEGAL CLAIMS

### COUNT I (as to Plaintiff and those similarly situated):
### Failure to Pay Overtime Wages in Violation of 29 U.S.C. § 207 by AMHERST MAINTENANCE

41. The allegations in Paragraphs 1 through 11 are realleged and fully incorporated by reference herein.

42. By its actions alleged above, Defendant AMHERST MAINTENANCE willfully, knowingly and/or recklessly violated the provisions of FLSA, which requires overtime wages to be paid to non-exempt employees, including those set forth in the provisions of 29 U.S.C. § 207.

43. As a result of the unlawful acts of Defendant AMHERST MAINTENANCE, Plaintiff and all persons similarly situated to him have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages or prejudgment interest, post-judgment interest, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court to enter an order certifying a collective action pursuant to section 216(b) for violations of the FLSA, and pray for this Court to grant the following relief:

    A.    To authorize the issuance of notice at the earliest possible time to all current and former employees who were industrial painters and were employed by Defendant AMHERST MAINTENANCE, and who worked overtime but were not paid time and a half their regular rate of pay. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid overtime wages as required by the FLSA;

    B.    To declare that Defendant AMHERST MAINTENANCE has violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff and persons similarly situated;

    C.    To declare that Defendant AMHERST MAINTENANCE's violations of the FLSA were willful;

    D.    To award Plaintiff and other similarly situated current and former employees of Defendant AMHERST MAINTENANCE adequate damages for the amount of unpaid overtime wage compensation they are owed, subject to proof at trial;

    E.    To award Plaintiff and other similarly situated current and former employees of Defendant AMHERST MAINTENANCE liquidated damages in an

amount equal to the unpaid overtime compensation shown to be owed pursuant to 29 U.S.C. §216(b);

F. If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

G. To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. §216(b); and

H. To award Plaintiff and other similarly situated current and former employees of Defendant AMHERST MAINTENANCE their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II (as to Plaintiff and those similarly situated):**
**Failure to Pay Wages in Violation of §2-11.16 Miami-Dade County Code by AMHERST MAINTENANCE**

44. The allegations in Paragraphs 1 through 11 are realleged and fully incorporated by reference herein.

45. By its actions alleged above, Defendant AMHERST MAINTENANCE willfully, knowingly and/or recklessly violated the provisions of §2-11.16 Miami-Dade County Code, which requires minimum combined dollar value wages to be paid to industrial painters.

46. As a result of the unlawful acts of Defendant AMHERST MAINTENANCE, Plaintiff and all persons similarly situated to him have been deprived of the minimum combined dollar value wages in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to other sanctions, prejudgment interest, post-judgment interest, and attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action

pray for this Court to enter an order certifying a class action pursuant to Rule 23 for violations of §2-11.16 Miami-Dade County Code, and pray for this Court to grant the following relief:

    A.    To authorize the issuance of notice at the earliest possible time to all current and former employees who were industrial painters and were employed by Defendant AMHERST MAINTENANCE, and who were not paid the requisite combined dollar value rate. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to participate in this lawsuit if they were not paid the requisite minimum combined dollar value rate for industrial painters required by §2-11.16 Miami-Dade County Code;

    B.    To declare that Defendant AMHERST MAINTENANCE has violated the minimum wage rate for industrial painters required by §2-11.16 Miami-Dade County Code, as to Plaintiff and persons similarly situated;

    C.    To declare that Defendant AMHERST MAINTENANCE's violations of §2-11.16 Miami-Dade County Code were willful;

    D.    To award Plaintiff and other similarly situated current and former employees of Defendant AMHERST MAINTENANCE adequate damages for the amount of unpaid wages they are owed, subject to proof at trial;

    E.    To award Plaintiff and other similarly situated current and former employees of Defendant AMHERST MAINTENANCE other damages allowable under §2-11.16 Miami-Dade County Code, including interest;

    F.    To make the same declarations and awards as prayed for in paragraphs A-E above as to all persons who do not opt out of this action pursuant to Rule 23; and

    G.    To award Plaintiff and other similarly situated current and former

employees of Defendant AMHERST MAINTENANCE their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b) and §2-11.16 Miami-Dade County Code.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

I, ISAAC ALVAREZ, hereby consent and agree and opt-in to become a Plaintiff in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

*/s/ISAAC ALVAREZ*
ISAAC ALVAREZ

Dated: September 23, 2021
Plantation, Florida

Respectfully submitted,

*/s/Robert S. Norell*
Robert S. Norell, Esq.
Fla. Bar No. 996777
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff ISAAC ALVAREZ*